IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DIVANTE LLOYD,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TATOM,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:20-cv-00275-TES-CHW** |

**ORDER**

Plaintiff Divante Lloyd, a prisoner in Baldwin State Prison in Hardwick, Georgia,

filed a handwritten document, which the Clerk docketed in this Court as a 42 U.S.C.

§ 1983 complaint. [Doc. 1]. Plaintiff also moved to proceed in this action *in forma*

*pauperis*. [Doc. 3]. Because he did not use the required civil rights complaint form, the

United States Magistrate Judge ordered Plaintiff to recast his complaint on a 42 U.S.C. §

1983 form. [Doc. 4]. The magistrate judge also ordered Plaintiff to file a certified account

statement. [*Id.*]. Plaintiff was given 21 days from the date of that Order [Doc. 4] to

submit the required documents. [*Id.*].

Thereafter, Plaintiff did not file a recast complaint, submit a certified account

statement, or otherwise respond to the Court's Order. As a result, the magistrate judge

ordered Plaintiff to respond and show cause why this case should not be dismissed for

failure to comply with the Court's orders. [Doc. 5]. Plaintiff was again given 21 days to

respond, as well as cautioned that his failure to fully and timely respond would result in the Court dismissing this action. [*Id.*].

To date, more than 21 days have passed since the magistrate judge entered the Order to Show Cause [Doc. 5], and Plaintiff has not responded. Moreover, the United States Postal Service has returned mail that the Court sent to Plaintiff at Baldwin State Prison—the only address on file for Plaintiff—as undeliverable. [Doc. 6]. Plaintiff's failure to keep the Court apprised of his current address constitutes a failure to prosecute this case, and insofar as the Court has no information as to Plaintiff's current whereabouts, this case may not proceed.

Thus, because Plaintiff has failed to comply with previous Orders or to otherwise prosecute his case, the Court now **DISMISSES** Plaintiff's Complaint [Doc. 1] **without prejudice**.[1] *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 7th day of January, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Similarly, the Court **terminates** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 3] **as moot**.